A. E. SMITH v. ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY.

Decided May 17, 1905.

**Railroads—Contributory Negligence—Engineer Working Beyond Statutory Limit of Hours.**

Where a statute of Arizona prohibited, under penalty as a misdemeanor, any railway company from requiring its employes who have worked for more than sixteen consecutive hours to again go on duty until they have had at least nine hours' rest, and plaintiff, a railroad engineer, after sixteen hours' service had registered under the rules for a rest, and was asked and consented to immediately make another run, and after continuous service for over thirty-one hours was injured in a collision because in his exhausted condition he kept his train on the main track instead of taking a siding, his injuries were the result of his contributory negligence, and having been a party to the violation of the statute he could not avail himself of it to excuse the negligence.

Appeal from the District Court of El Paso. Tried below before Hon. J. M. Goggin.

*Millard Patterson* and *J. A. Buckler,* for appellant.—The plaintiff's petition contained a good cause of action. Railway v. Neff, 87 Texas, 309; Railway v. McCaffray, 38 N. E. Rep., 67, 29 L. R. A., 104; 1 Sherm. & Redf. on Neg., secs. 213, 211a; Patterson on Railway Law,

sec. 283; Spiva v. Mining Company, 88 Mo., 68; 1 Sherm. & Redf. on
Neg., secs. 186, 214, note; Fitzgerald v. Paper Co., 29 N. E. Rep., 464;
Railway v. Rogers, 91 Texas, 52; Jackson v. Railway, 90 Texas, 372;
Railway v. Keaving, 80 S. W. Rep., 387; Bryant v. Railway, 46 S. W.
Rep., 82; Railway v. Byrd, 61 S. W. Rep., 149; Railway v. Bryant, 66
S. W. Rep., 807; Coal Co. v. Abbott (Ill. Sup. Ct.), 7 Am. Neg. Rep.;
Hamilton v. Mining Co., 6 Am. Neg. Cas., 595; Offutt v. Exposition
Co., 5 Am. Neg. Cas., 16; Yeamas v. Machine Co., 30 N. E., 12, 107
Ind., 520; Iron & Steel Co. v. Ohler, 15 Am. Neg. Cas., 49.

· *J. W. Terry,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellant sued appellee to recover dam-
ages arising from injuries received in a collision between two trains.
The court sustained a general demurrer to the petition and dismissed
the·suit.

Appellant makes the following statement of the pleadings, which we
adopt: "The petition alleged that the plaintiff was in the employ of
the defendant company as engineer on the 1st day of May, 1903, and
that at that time there was in full force and effect an Act of the Legis-
lature of the Territory of Arizona, entitled "An Act To Protect The
Traveling Public and Railway Employes Within the Territory of
Arizona," by the terms of which all railway companies in said territory
were prohibited from requiring any conductor, engineer, fireman, brake-
man, telegraph employe, or anyone who had worked in his respective
capacity for more than sixteen (16) consecutive hours, except in cases
of casualty or actual necessity, to again go on duty or perform any
work until he had had at least nine hours' rest, and prescribing a fine
of from fifty dollars to five hundred dollars for every violation of the
Act.

"In addition to this Act of the Legislature of Arizona, he alleged that
at the time of his injuries there was in full force and effect a binding
contract and agreement between the defendant and its locomotive en-
gineers, including the plaintiff, the provisions of which defendant had
adopted, printed, circulated and published as a portion of its rules and
regulations for the management of its trains, engines and cars and the
governing of its employes, under and by which engineers were not to
be required to go out when in their judgment they needed rest, in which
case was he to so indicate on the roundhouse register, and that eight
(8) hours actual rest should be considered sufficient.

"He charged that on April 30, 1903, he was called to duty, and
at 4 p. m. left Seligman, a station on defendant's road, in charge of
his engine and a train of cars for Winslow, at which latter place he
arrived at 7:15 a. m., May 1, and got away from his engine about
8 a. m., and immediately registered in the proper book for eight (8)
hours rest as provided by said agreement and rules, and then went to
his home.

That he was soon thereafter sent for by the master mechanic of
defendant and requested to take a train of oranges to Pinta, a station
on defendant's road. That he protested against doing this and informed
the said master mechanic that he had registered for rest and needed

it. That thereafter he was informed by the master mechanic that the trip was a short one of not over five or six hours, and on such representation he took charge of said engine and cars of oranges and left for Pinta at 11:00 a. m., and arrived there at 3:00 p. m., where he was delayed in his return for over two hours on account of the failure and incompetency of the defendant's telegraph operator at that point, who was unable to take orders and give them to plaintiff by which he was to be governed in returning with his train to Winslow. That after said delay he started westward from Pinta toward Winslow, and at about 8:20 p. m., at a station on defendant's road, his train collided with an engine and train on the main line of defendant's road, and plaintiff was injured by having his right hand caught between the cab and the tender of the engine and his hand badly crushed so as to greatly and permanently impair and practically destroy the use of his right hand. That said collision between said two trains was caused by the failure of the plaintiff to run his said engine and train on to the said side track or switch so as to let the train going east pass his train on the main line. He charged that his failure to observe that he had reached said switch was on account of the fact that he was in no fit condition to manage said train or to perform his duties as engineer on account of having been continuously and consecutively at work as engineer for thirty-one hours and twenty minutes without sleep or rest under orders from the defendant's agent and managers, and on account of which long and continuous work he had become drowsy and sleepy and was at the time he approached said switch so fatigued from the loss of sleep and rest that he fell temporarily into a doze which was unavoidable on his part on account of the lack of sleep or rest and the continuous service which the defendant had required him to perform for thirty-one hours and twenty minutes, and that he continued to perform his duties as long as he could do so until he was overcome by drowsiness and that he was in no way negligent, as he resisted such drowsiness as long as he could do so. He charged that the defendant was guilty of negligence and guilty of a violation of said law in requiring him to perform said continuous and consecutive service for thirty-one hours and twenty minutes against his protest and under the false representation that said trip would only require five or six hours, when it required ten hours and twenty minutes, on account of the delay occasioned by the negligence and incompetency of said telegraph operator in not procuring and giving orders under which he could have returned with his train, and a further delay of thirty minutes at Holbrook while waiting for another engine to come. He further charged that at the time of his injury said binding agreement existed between defendant and the plaintiff as one of its engineers, and which was observed and kept in force for his benefit as well as that of others, and which was then in force as one of the rules of the defendant company, and that it was guilty of negligence in representing to him that said trip would take him only five or six hours, well knowing that owing to the incompetency of the operator as aforesaid, it would take over ten hours. He charged that said trip could have been made in five or six hours, had not the defendant negligently caused the prolongation of said trip by having an incompetent telegraph operator at

Pinta, on account of whose negligence and incompetency he had to wait for running orders in order to return."

In the case of Railway v. Brown, 59 S. W. Rep., 930, the engineer had been overworked and had fallen asleep at his post of duty, and a majority of this court held: "We think that, when appellant so overworked one of its employes that he can not be expected to stay awake, it ought not to be allowed to say that he was negligent in going to sleep, in a question affecting the observance of its rules." The judgment against the railway company in that case was affirmed by a majority of this court, but a writ of error was granted by the Supreme Court and it was held that the facts showed negligence on the part of the engineer and the cause was remanded to the trial court. While the fact as to the engineer having been so overworked as to be unable to keep awake, was presented as an issue, it was not mentioned by the Supreme Court; still, if that fact had excused the engineer for falling asleep the judgment could not have been reversed.

The allegation that the laws of Arizona prohibit railway companies from working their employes for more than sixteen consecutive hours, except in case of casualty or actual necessity, and also provide a fine for a violation, would not excuse the contributory negligence of appellant, which arose from his working for such a length of time that he was unfitted for business. He knew his physical condition far better than the railway company could know it, and can not excuse his carelessness in falling asleep on his engine while it was standing on the main track, by the fact that he was requested by the master mechanic to take out a train, after he had been at work for about seventeen hours. Neither is it any excuse to say that he was detained longer on the trip than he expected to be by the carelessness of a telegraph operator.

It may have been a violation of a statute, upon the part of appellee, to require appellant to work over sixteen hours, unless there was actual necessity for it, and in case others had been injured through the violation of law, appellee would doubtless be held liable, but appellant voluntarily acted with appellee in the violation of the statute, and will be held to have assumed all risks arising from such act. The allegations fail to show that there was no actual necessity for requiring the extra work.

We have not been able to secure an authority bearing directly on this matter. The two Indiana cases, Pennsylvania Co. v. McCaffery, 38 N. E. Rep., 67, and Republic I. & S. Co. v. Ohler, 68 N. E. Rep., 901, cited by appellant, do not sustain his contention that the petition states a cause of action. The opinion in the first named case does not pass upon the question at all, but merely holds that if an employe is killed through the negligence of other employes, induced by and resulting from their overworked condition, the master is liable. The court said: "Unless it be that a master has a right to require a servant to stand at his post of duty, without food or rest, for nineteen consecutive hours, every day, Sundays included, and that such conduct is not a breach of duty to the public as well as its other servants, it follows that the appellant in this case has not performed its duty towards decedent, without which it is liable, if this negligence was the proximate cause of his death." There is no intimation in the opinion that the master would

have been liable to one of his employes for damages arising from his own negligence, which he sought to excuse on the ground of overwork.

In the other case Ohler was injured by a sliver of iron flying from a rod of iron which he was ordered to hold, while it was being struck with large hammers. He had been working for forty-eight hours when ordered to hold the rod. A judgment in his favor was affirmed on the ground that he was inexperienced and did not appreciate the danger in holding the rod. It was held that evidence of the fact that he had labored for forty-eight hours continuously, was proper as tending to show that his mind was in such a condition as not to apprehend the dangers of the situation. The case presents no parallel to this. Appellant, in this case, was a skillful engineer and does not allege that he did not fully appreciate the dangers of running an engine for so long a time as he did. There is no allegation showing that appellant was compelled to make the trip that he did, but it appears that he was requested to go and was induced to consent by a representation that it would take only six hours to make the trip. He alleged that he was detained three hours at Pinta, and there is nothing to show that he could not have slept, or did not sleep there, while so delayed.

The petition presents a clear case of appellants having been hurt through his own negligence in stopping his engine on the main line, instead of taking a siding, as he should have done.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.